UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REVOAL,<br><br>             Plaintiff,<br><br>      v.<br><br>BAKERSFIELD MEDICAL CENTER, et al.,<br><br>             Defendants. | 1:22-cv-00801-SKO (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>(Doc. 12) |

Plaintiff William Revoal is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On March 31, 2023, Plaintiff filed a document titled "Plaintiff Motion to Request a Court Appointed Attorney." (Doc. 12.) Plaintiff states he is presently on "Medical Parole" in a nursing home and is unable to care for himself. (*Id*. at 1.) Plaintiff states he is bedridden and paralyzed "from the chest down to [his] feet." (*Id*.) Plaintiff further alleges he is "mentally disabled permanently" and suffers from nerve damage to his spine. (*Id*. at 1-2.) He has schizophrenia, severe depression and an anxiety disorder. (*Id*. at 2.) Plaintiff states he needs "assistance with meeting the courts request in a competent and timely manner." (*Id*.)

**II.     DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

1

n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. First, regarding Plaintiff's assertion that he needs "assistance with meeting the court[']s request," the Court has made no recent requests of Plaintiff nor has Plaintiff been ordered to take any action in this matter. This matter is currently pending screening by the Court pursuant to 28 U.S.C. § 1915A(a), and the Court will screen Plaintiff's complaint, in due course, before ordering Plaintiff to take further action, if any. Further, although the Court has not yet screened Plaintiff's complaint, a brief review of the complaint reveals it alleges a claim concerning medical care. The Court is faced with these types of prisoner civil rights claims almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his "medical parole" status, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Second, the Court notes Plaintiff states he is presently residing[1] in a nursing home on medical parole, is paralyzed and bedridden, suffers from schizophrenia, severe depression and anxiety, and "is unable to care for himself." However, Plaintiff has not provided evidence of his

---

[1] When Plaintiff filed his complaint, he was in custody at Corcoran State Prison. (*See* Doc. 1 at 1; *see also* Doc. 11 [Notice of Change of Address from Corcoran State Prison to Golden Legacy Care Center in Sylmar, California].)

claims in this regard. A review of Plaintiff's June 30, 2022, complaint reveals Plaintiff alleges he underwent surgery on June 21, 2020, for an abscess on his chest and following surgery he was "unable to walk or feel [his] body from the chest down to [his] toes." (Doc. 1 at 3.) Plaintiff asserts he has "nerve damage to [his] spinal cord, and lost both of [his] legs." (*Id*.) The complaint was prepared and signed by Plaintiff (*id*. at 3), and there is no indication in the complaint that Plaintiff was suffering from any condition that affected his ability to litigate this case or to articulate his claims.

Plaintiff's motion seeking the appointment of counsel also appears to have been prepared and signed by Plaintiff and is readily understood. (Doc. 12.) There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, at this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Nor can the Court conclude Plaintiff is unable to articulate his claims considering their complexity. Thus, Plaintiff is not entitled to the appointment of counsel.

//
//
//
//
//

### III.     CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, Plaintiff's motion for the appointment of counsel (Doc. 12) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:    **April 24, 2023**                                        /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE